James Campbell and Henry Turton *v.* Akana and Young Sheong.

## SUPREME COURT—IN BANCO.

*Allen, Ch. J., and Harris, J.*

JAMES CAMPBELL AND HENRY TURTON *vs.* AKANA AND YOUNG SHEONG.

THE HABENDUM clause of a lease being "to have and to hold the same with all rights privileges and appurtenances to the same belonging for the term of two years with the privilege of five from the date above mentioned." HELD, there being no specified time in the lease within which the privilege should be claimed, that the lessees continuing on the land after the termination of the two years was a virtual notice of intention to hold to the end of the five years, whereby both parties became bound to the lease for the extended term.

### DECISION OF THE COURT.

This is a submission under the provisions of the Sections 1140 and 1143 of the Civil Code on an agreed statement of facts, of which the following is a summary. The defendants on the 16th day of March, 1872, entered into possession of a certain ahupuaa of land on the Island of Maui called Kaliali-nui, by virtue of a certain lease signed by the plaintiffs as of that date; the habendum clause of which reads as follows:

"To have and to hold the same with all rights, privileges and appurtenances to the same belonging for the term of two years with the privilege of five from the date above mentioned unto the said parties of the second part and their assigns at a yearly rental of three hundred and fifty dollars ($350) for each and every year and to be paid at the expiration of each year, namely on the 16th of March, 1873, and following until the expiration of this lease."

It is true, as it is said by the plaintiffs' counsel, that if the words "with the privilege of five" were not there the

James Campbell and Henry Turton *v.* Akana and Young Sheong.

tenancy would have expired on the 16th of March, 1874, and it appears by the brief statement of facts that the defendants have continued to occupy the land up to the present time claiming to do so by virtue of the grant of privilege above recited.

The clause upon which this turns does not set forth as is usual, that the privilege is to be claimed within a specified time before the expiration of the lease; and herein is the chief point of the case—for if there were a specified time in the lease, within which the privilege should be claimed, there would be no question that the omission to claim it within the time specified would be conclusive against the defendants' right.

But this deed is an entire one, it does not need any renewal at the end of the two first years, but simply binds the defendants to keep the land two years and gives them the privilege of keeping it five years. It is asked whether a purchaser of Campbell and Turton would have been bound to renew the lease. The answer is, that there would be no occasion to renew the lease, because of its entirety. Any purchaser would have been bound to take notice of the privilege and have been bound by it.

But again says the plaintiffs' counsel: If the clause gives a privilege, it is a privilege for a term of three years, neither more nor less, both parties become bound by it.

This is the view of the Court. We think that by remaining over, they took the privilege of five years and the plaintiffs became entitled to be paid their rent at the expiration of each year, namely on the 16th of March, 1873, and following (years) until the expiration of this lease," and the lease will expire on the 16th of March, 1877, the defendants having availed themselves of the privilege of five years. So that if the defendants shall leave before that time they will be obliged still to pay the rent.

We have failed to apprehend the force of the objection that "a party claiming a benefit not mutual will be held to

James Campbell and Henry Turton *v.* Akana and Young Sheong.

strict performance" because that there was nothing for the defendants to do, except to pay the rent which it is admitted that they have done.

The "mutuality," of the bargain was from the beginning, if the defendants would enter upon the land and pay the rent they might occupy it for five years. It is evident the defendants so understood it, or they would have made provision either for moving their cattle or would have given notice of their intention to continue the lease, and in our opinion this construction of the lease was reasonable. To hold that the term is an entire one with the liberty to terminate at the end of two years will do no injustice to the plaintiffs, whilst to hold that the defendants have forfeited their lease for not giving a notice which they did not specifically agree to give would work for them a great injustice.

This continuance on the land after the termination of the two years was a virtual notice of an intention to hold to the end of the five years, and thereby they assumed the obligations of the lease to pay the rent for the whole term.

See Kramer *vs.* Cook. 7 Gray's R. 552, where, "no formal election or notice was necessary to the continuance of the lease for the additional term of two years. The continuing to occupy the premises, and the payment of the rent at the increased rate stipulated for in case of continuance, were the best possible evidence of the election of the defendant to avail himself of the further term. They were a declaration and an act—the expression of the wish and its execution."

It is therefore adjudged that the defendants are entitled to hold for the entire term of five years next ensuing after the 16th of March, 1872, and further that by not delivering up the premises on the 16th of March, 1874, they have bound themselves to pay the rent for the entire term as aforesaid, namely, until 16th day of March, 1877, in yearly payments as stipulated by the lease.

L. McCully for plaintiffs.

W. C. Jones for defendants.